IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN GREEN,

        Plaintiff,                    No. CIV S-10-1424 JAM EFB P

    vs.

R. MIRANDA, et al.,

        Defendants.
                            ORDER AND
                            FINDINGS AND RECOMMENDATIONS

/

       Plaintiff is a state prisoner proceeding without counsel in a civil rights action brought under 42 U.S.C. § 1983. He alleges that he was denied prescription reading glasses and, as a result, he was unable to conduct meaningful legal research, his eyesight deteriorated, he suffered from headaches, and he had an increased risk of being assaulted by other inmates. Dckt. No. 1 at 4-5. Since the filing of his complaint he has received new glasses. Dckt. No. 18 at 1-2.

       Defendants move to dismiss on the grounds that the complaint fails to state a claim upon which relief can be granted. Dckt. No. 19. Plaintiff opposes the motion, and defendants have filed a reply. *See* Dckt. Nos. 25, 23. For the reasons explained below, defendants' motion should be granted in part and denied in part.

       Plaintiff has also filed a request for entry of default, which defendants oppose. *See* Dckt. Nos. 20, 21. That request is denied.

1

## I. Request for Entry of Default

Plaintiff has filed a document styled "Declaration for Entry of Default." Dckt. No. 20. He declares that defendants failed to respond to the complaint within 20 days after they were served.

Fed. R. Civ. P. 12(a) provides that if a defendant has timely waived service, the defendant must serve a responsive pleading within 60 days after the request for waiver was sent. Here, the request for waiver of service was sent on August 10, 2010. Defendants' motion to dismiss was filed on October 1, 2010. The motion was timely and constitutes a responsive pleading for purposes of Rule 12. Plaintiff's request for entry of default is denied.

## II. Motion to Dismiss

Plaintiff's complaint states that he is unable to read without his reading glasses, and that he suffers migraine headaches when he tries to read without them. Dckt. No. 1 at 9. He was given a magnifying glass to use instead of the readers, and he suffered the same headaches when using the magnifying glass. *Id.* at 10. He was denied reading glasses and was not allowed to see an optometrist. *Id.* at 9-10. Allegedly, he could not see to complete legal research. *Id.* at 10-11.

Defendants move to dismiss the complaint on the grounds that it fails to state 1) an access to the courts claim; 2) an Eighth Amendment claim; and 3) a due process claim. Dckt. No. 19-1 at 1. Plaintiff contends that he has properly pled all of these claims, but in the alternative, he seeks to amend or supplement his complaint if the court finds that it fails to state a claim. Dckt. No. 25.

In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The complaint's factual allegations are accepted as true. *Church of Scientology of Cal. v. Flynn*, 744 F.2d 694, 696 (9th Cir. 1984). The court construes the pleading in the light most favorable to plaintiff and resolves all doubts in plaintiff's favor. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Unless it is clear that no amendment can cure its defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before dismissal. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

**A.    Access to the Courts**

In *Lewis v. Casey*, 518 U.S. 343 (1996), the United States Supreme Court held that prison inmates have a constitutionally protected right to access the courts to bring civil rights actions to challenge their conditions of confinement and to bring challenges to their criminal convictions. 518 U.S. at 351, 354-55. The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. *Id.* at 354-55. To state a claim he was denied access to the courts, plaintiff must allege that the deprivation actually injured his litigation efforts, in that defendants hindered his efforts to bring, or caused him to lose, an actionable claim of this type. *See id.* at 351.

Plaintiff has not pled facts showing that the deprivation of the reading glasses actually injured his litigation efforts. His opposition to defendants' motion states that he was unable to conduct legal research because he could not see, and that he therefore lost three administrative appeal hearings at three separate levels of review, and filed a deficient complaint in this case. But losing his administrative appeals did not hinder his ability to bring an action in this court. While plaintiff argues that the instant complaint may be deficient because he was unable to conduct legal research when he was drafting it, the complaint's deficiencies are not of the type that could be cured by further legal research. Rather, the facts of plaintiff's case simply do not support an access to the courts claim. Moreover, plaintiff may file a motion to amend his

3

complaint to cure any perceived deficiencies in his complaint. Defendants' motion should be granted as to this claim.

### B. Eighth Amendment

To state a section 1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendant possessed a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 297–99 (1991); *McKinney v. Anderson*, 959 F.2d 853, 854 (9th Cir. 1992).

A serious medical need is one that significantly affects an individual's daily activities, an injury or condition a reasonable doctor or patient would find worthy of comment or treatment, or the existence of chronic and substantial pain. *See*, *e.g.*, *McGuckin v. Smith*, 974 F.2d 1050, 1059–60 (9th Cir. 1992), *overruled on other grounds by WMX Techs. v. Miller*, 104 F.2d 1133, 1136 (9th Cir.1997) (en banc). To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842.

Here, plaintiff alleges that because he did not have his prescription eyeglasses, he was at an increased risk of attack by other inmates.[1] He states that his eyesight deteriorated and that he suffered from migraine headaches during the time that he was denied glasses. If plaintiff's

---

[1] Plaintiff states that he was denied "prescription reading glasses." Opp'n at 1. However, his allegations suggest that he wears his glasses for general eyesight, not only for reading. *See* Compl. at 5 (alleging that the loss of glasses placed plaintiff at an increased risk of inmate assaults).

4

allegations are true, the lack of glasses affected his daily activities, as he had difficulty reading and writing. A reasonable doctor or patient would find plaintiff's headaches and deteriorating vision worthy of comment or treatment. Plaintiff has alleged sufficient facts to establish that he had a serious medical need.

Plaintiff alleges that he told defendant Miranda that he was unable to read without his glasses, and that he suffered migraines when he tried to read without them. Defendant Miranda did provide plaintiff with a hand-held magnifying glass to assist him with his reading, but told him that he did not need to see an optometrist. Plaintiff claims that he tried to use the handheld magnifying glass, but it gave him headaches. Defendant Miranda allegedly denied plaintiff's internal appeal regarding the glasses. Defendant Swingle then allegedly denied plaintiff's second-level internal appeal.

Plaintiff has alleged that defendants were aware of plaintiff's need for prescription glasses, based both on their conversations with him and on the contents of his internal appeals, and that defendants did not provide him with glasses or allow him to see an optometrist. For the purpose of this motion, these facts are assumed true, and if true are sufficient to establish that defendants were deliberately indifferent to his serious medical needs. The motion to dismiss must be denied as to plaintiff's eighth amendment claim.

**C.   Due Process**

The due process clause protects prisoners from being deprived of life, liberty, or property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In order to prevail on a claim of deprivation of due process, a plaintiff must first establish the existence of a liberty or property interest for which the protection is sought. *See Ingraham v. Wright*, 430 U.S. 651, 672 (1977); *Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972). Due process protects against the deprivation of property where there is a legitimate claim of entitlement to the property. *See Bd. of Regents*, 408 U.S. at 577. Protected property interests are created, and their dimensions are defined, by existing rules that stem from an independent source--such as state law--and which

secure certain benefits and support claims of entitlement to those benefits. *See id.*

Plaintiff argues that California created an entitlement to the glasses through the enactment of Cal. Code Regs. tit. 15, § 3358(a) and (c) ("Appliances include but are not limited to eyeglasses . . . .") ("Prescribed appliances shall be provided at state expense if an inmate is indigent . . . ."). *See* Compl. at 13-14 ("Statutes within the Title 15 create an entitlement to receive prescribed Rx glasses: readers free to indigent inmates."). Plaintiff alleges that although he was prescribed glasses and is indigent, he was not provided replacement glasses after his old glasses broke.

Defendants argue that plaintiff has not stated a due process claim upon which relief can be granted. Their sole authority for this proposition is a one-sentence quote from *Patel v. Penman*, 103 F.3d 868, 874 (9th Cir. 1996), *overruled on other grounds by Unitherm Food Systems, Inc. v. Swift-Eckrick, Inc.*, 546 U.S. 394 (2006); *County of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998) ("[t]o establish a violation of substantive due process . . . ,a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare"). While that general proposition is hardly in doubt, defendants do not explain why *Patel* precludes plaintiff's due process claim. Rather, they merely argue that plaintiff alleges that he was told that over-the-counter medications, including reading glasses, would not be provided to him for free, and that such an allegation does not support a due process claim.

Plaintiff has pled facts supporting his claim that the state created an entitlement to the glasses but then failed to provide them to him. Defendants have not convincingly explained why these facts do not support a due process claim and their motion must be denied as to this claim.

////

////

////

////

6

**III. Conclusion**

Accordingly, it is hereby ORDERED that plaintiff's motion for entry of default is denied.

Further, it is RECOMMENDED that defendants' motion to be dismiss be granted as to plaintiff's access to the courts claim and denied as to plaintiff's eighth amendment and due process claims.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 22, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE